Case 4:21-cv-01442   Document 1-5   Filed on 04/30/21 in TXSD   Page 1 of 10

3/12/2021 3:12 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 51436832
By: Cecilia Thayer
Filed: 3/12/2021 3:12 PM

Cause No. _____

| | | |
|---|---|---|
| CALVIN WILLIAMS | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | OF HARRIS COUNTY, TEXAS |
| | § | |
| HYSTER-YALE GROUP f/k/a | § | |
| NACCO INDUSTRIES, INC. | § | |
| d/b/a HYSTER | § | |
| | § | |
| *Defendant.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, CALVIN WILLIAMS, hereinafter called Plaintiff, complaining of and about HYSTER-YALE GROUP f/k/a NACCO INDUSTRIES, INC. d/b/a HYSTER hereinafter called Defendant, and for cause of action would respectfully show this Court the following:

I.

### DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff intends that discovery be conducted under Discovery Level 2.

II.

### PARTIES AND SERVICE

2. Plaintiff is an individual residing in Harris County, Texas.

3. Defendant, HYSTER-YALE GROUP f/k/a NACCO INDUSTRIES, INC. d/b/a HYSTER, is an Ohio corporation authorized and doing business in the State of Texas. Said Defendant may be served with citation through its registered agent, Corporation Service Company D/B/A +, located at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

Certified Document Number: 94793662 - Page 1 of 9

III.

JURISDICTION AND VENUE

4. The subject matter in controversy is within the jurisdictional limits of this court.

5. This court has jurisdiction over the parties because Defendant placed the product in question, and many others, into the stream of commerce within the State of Texas, maintains a registered agent in this state and has purposefully availed itself of the laws of Texas.

6. Venue in is proper in Harris County under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

IV.

FACTS

7. In 2010, Defendant designed, manufactured and sold a Hyster Lift Truck, Model S50FT, Serial No. H187V04246P ("the Hyster forklift"). On March 13, 2019, Plaintiff was operating the Hyster forklift at his place of employment, Kaeton Natie, in Baytown, Texas. As part of his job, Plaintiff was required to unload tractor trailers containing such things as palletized bags of feedstock for plastic manufacturing. In order to unload the pallets, Plaintiff was required to load the pallets on the front of the Hyster forklift, and then back out of the trailer. This required Plaintiff to turn around in the seat in order to see where we was going.

8. As he was backing the Hyster forklift, Plaintiff was required to turn around and hold on to the vertical steel post made part of the overhead protection of the Hyster forklift to secure himself. Defendant Hyster reasonably anticipated and knew this sort of operation of the Hyster forklift would be undertaken and that it would require some method for the driver, such as Plaintiff, to secure himself while turned around and backing. In fact, the owner's manual for the

Certified Document Number: 94793662 - Page 2 of 9

Hyster forklift in question states that the operator should not rely on side-view mirrors when backing. Hyster was aware that a "Rear Drive Handle with Horn button - Provides a secure location for the operator's right hand when driving in reverse that is inboard of the truck for impact protection. . . ."[1]

9. The Hyster forklift in question did not have any hand grip of any kind on the rear vertical post. Plaintiff therefore gripped the post itself. As Plaintiff was backing, a piece of wood extending from one of the stacked pallets in Kaeton Natie's warehouse struck Plaintiff's right hand, severing three of his fingers. Plaintiff is right hand dominant.

10. Defendant Hyster failed to incorporate an operator's rear hand grip for reverse operations as standard equipment for the Hyster forklift in question and/or to warn of the danger of backing while using the vertical overhead support bar to stabilize the operating in reverse operations. This operator's rear hand grip is a simple, very inexpensive safety device that should have been standard equipment on the Hyster forklift. This missing safety device, as Hyster states on its website, is an "inboard" handle that "provides . . . impact protection." Hyster includes such safety devices on other of its forklift models, but did not include this safety device on the unit operated by Plaintiff.

11. At the time it designed, manufactured and marketed the forklift in question, Defendant Hyster fully expected, foresaw and anticipated that users of the forklift would use the vertical overhead support bar to stabilize the operating in reverse operations. There are no warnings or other written instructions on the forklift to indicate to the user that he or she should not use the vertical overhead support bar to stabilize themselves during reverse operations. In fact, the operators manual for the Hyster forklift specifically anticipates a driver may attempt to use

---

[1] https://www.hyster.com/north-america/en-us/innovations/safety-and-training/special-safety-features-accessories/

side or rearview mirrors in backing the forklift and warns against using side or rearview mirrors as driving mirrors. That same manual does not warn against using the side of the vertical overhead support bar when the operator needs to turn his or her body and head in the reverse direction; having one hand on the steering wheel and the other behind them.

12. Had Defendant required in its design the installation of such a simple, very inexpensive, known and available safety device prior to March 13, 2019, Plaintiff's life changing injuries would not have occurred. Approximately two days after Plaintiff's accident, Kaeton Natie installed operator's rear drive handle grips on all units that did not incorporate such safety device.

V.

CAUSES OF ACITON

A. NEGLIGENCE

13. Plaintiff hereby pleads a cause of action against Defendant for negligence. The allegations contained in all of the paragraphs of this Petition are hereby incorporated herein with the same force and effect as if set forth verbatim.

14. On the occasion in question, Defendant owed a duty to Plaintiff to exercise reasonably prudent and ordinary care in the design, manufacture, testing and marketing of the Hyster forklift. Defendant violated this duty by failing to act as a reasonably prudent person would have under the same or similar circumstances including, but not limited to:

 a. Failing to design the Hyster forklift properly and correctly;

 b. Failing to market the Hyster forklift properly and correctly;

 d. Failing to test the Hyster forklift properly and correctly;

 e. Failing to warn foreseeable users, such as Plaintiff, that using the side post to secure himself when backing the Hyster forklift presented a danger of amputation;

f.  failing to incorporate a rear drive, inboard handle in the Hyster forklift for the operator's use and safety; and

g.  Failing to act as a reasonably prudent person would have under the same or similar circumstances.

15.  Each of the above-referenced acts and omissions, singly or in combination with others, constituted negligence, which proximately caused the damages suffered by Plaintiff, which are in excess of the minimum jurisdictional limits of this Court.

B.  STRICT PRODUCTS LIABILITY

16.  Plaintiff further pleads a cause of action against Defendant for strict products liability. The allegations contained in all of the paragraphs of this Petition are hereby incorporated herein with the same force and effect as if set forth verbatim.

17.  Prior to the date of this accident, Defendant designed, manufactured, assembled, installed, inspected, tested, or marketed the Hyster forklift in a manner so as to render it defective, unsafe, and unreasonably dangerous. At the time of the "incident," the Hyster forklift was being used in a manner for which it was designed, manufactured, assembled and sold.

18.  Defendant was designer, fabricator, producer and assembler of the Hyster forklift in question. Defendant placed the Hyster forklift into the stream of commerce. It will be shown upon the trial of this case that, with respect to the Hyster forklift: (1) there was a safer alternative design; and (2) the defect in the Hyster forklift was a producing cause of the personal injury for which Plaintiff seeks recovery.

19.  It will further be shown that there were safer alternative designs for the Hyster forklift, including known and available safety components that, in reasonable probability: (1) would have prevented or significantly reduced the risk of Plaintiff's personal injury without substantially

impairing the Hyster forklift's utility; and (2) were economically and technologically feasible at the time the product left the control of Defendant by the application of existing or reasonably achievable scientific knowledge.

20. Defendant's design, manufacture, assembly, installation, inspection, testing, or marketing of the Hyster forklift caused defective, unsafe, and unreasonably dangerous conditions, which were a producing and/or proximate cause of the damages sustained by the Plaintiff, which are in excess of the minimum jurisdictional limits of this Court.

C. <u>BREACH OF IMPLIED WARRANTY</u>

21. Plaintiff further pleads a cause of action against Defendant for breach of implied warranty. The allegations contained in all of the paragraphs of this Petition are hereby incorporated herein with the same force and effect as if set forth verbatim.

22. At all times herein material, Defendant impliedly warranted that it designed, assembled, manufactured, tested, sold, installed and/or inspected the Hyster forklift in a good and workmanlike manner. Further, Defendant impliedly warranted that the Hyster forklift was merchantable and fit for ordinary use. Defendant breached these implied warranties in one or more of the following respects:

    a. By designing, manufacturing, assembling the Hyster forklift which was not merchantable and fit for ordinary use;

    b. By failing to design, manufacture, test, assemble and/or include known and available safety devices on the Hyster forklift in a good and workmanlike manner;

    d. By releasing into the stream of commerce the Hyster forklift, which was not merchantable; and

    e. By its negligence in the design, manufacture, testing, assembly and/or failure to install

known and available safety devices on the Hyster forklift.

23.     Each of the above-referenced acts and omissions, singly or in combination with others, constituted a breach of an implied warranty, which was a proximate cause the damages suffered by Plaintiff, which are in excess of the minimum jurisdictional limits of this Court.

VI.

DAMAGES

24.     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was caused to suffer grievous injuries to his person, and to incur the following damages:

A.     Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services;

B.     Reasonable and necessary medical care and expenses which, in all reasonable probability, will be incurred in the future;

C.     Physical pain and suffering in the past;

D.     Physical pain and suffering in the future;

E.     Physical disfigurement in the past;

F.     Physical disfigurement in the future;

G.     Physical impairment in the past;

H.     Physical impairment which, in all reasonable probability, will be suffered in the future;

I.     Loss of earnings in the past;

J.     Loss of earning capacity which, in all probability, will be incurred in the future;

K.     Mental anguish in the past; and

L.     Mental anguish in the future.

Certified Document Number: 94793662 - Page 7 of 9

VII.

AMOUNT OF DAMAGES SOUGHT

25. Pursuant to Texas Rule of Civil Procedure 47, Plaintiff hereby pleads for monetary relief in excess of $1,000,000.00, excluding interest and costs.

VIII.

RULE 193.7 NOTICE

26. Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff gives notice to Defendant that any and all documents produced may be used against the Defendant at any pre-trial proceeding and/or at the trial of this matter without the necessity of otherwise authenticating the documents.

VIII.

REQUEST FOR DISCLOSURES

27. Pursuant to Rule 194, request is made that Defendant disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2.

IX.

PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; excluding interest, and as allowed by Sec. 41.008, Chapter 41, Texas Civil Practice and Remedies Code, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be

8

entitled at law or in equity.

        Respectfully submitted,

        THE BRYANT LAW FIRM



        _____
        David A. Bryant, Jr.
        Texas Bar No. 00785730
        2751 S Loop 336 W, Suite B
        Conroe, Texas 77304
        713-980-0700, Fax: 713-980-0701
        dbryant@thebryantlawfirm.com

        SUTTON & JACOBS, LLP

        Brian D. Sutton
        State Bar No. 19528000
        850 Park Street
        Beaumont, Texas 77701
        409.833.1100
        409.833-0711/fax
        brians@sutton-jacobs.com
        dlee@sutton-jacobs.com (for E-service)
        bburger@sutton-jacobs.com (for E-service)
        hlatham@sutton-jacobs.com (for E-service)

        ATTORNEYS FOR PLAINTIFF

Certified Document Number: 94793662 - Page 9 of 9



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   April 26, 2021


Certified Document Number:        94793662 Total Pages:  9

*Marilyn Burgess*

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS




**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**