United States District Court
Southern District of Texas
**ENTERED**
March 15, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CALVIN WILLIAMS, | § | |
| Plaintiff, | § § § | |
| VS. | § § | CIVIL ACTION NO. 4:21-CV-01442 |
| HYSTER-YALE GROUP, | § § § | |
| Defendant. | § § | |

# ORDER

Before the Court are United States Magistrate Judge Yvonne Y. Ho's Memorandum and Recommendation filed on February 9, 2024 (Doc. #70), Plaintiff's Objections (Doc. #74), and Defendant's Response (Doc. #75). The Magistrate Judge's findings and conclusions are reviewed de novo. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1); *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Having reviewed the parties' arguments and applicable legal authority, the Court adopts the Memorandum and Recommendation as its Order.

Plaintiff first objects to the Magistrate Judge's determination that the opinions of Plaintiff's retained expert, Dr. Richard Ziernicki ("Dr. Ziernicki"), should be excluded because his opinions are unreliable under *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993). Doc. #74 at 8–12. Plaintiff specifically takes issue with the Magistrate Judge's focus on Dr. Ziernicki's failure to "take measurements, perform calculations, or conduct testing." *Id.* at 8. But in the context of design-defect cases, such testing has been recognized by courts as an exceedingly important factor in determining the reliability of expert opinions. *See, e.g., Casey v. Toyota Motor Eng'g & Mfg. N. Am., Inc.*, 770 F.3d 322, 332 (5th Cir. 2014). The Court finds that Dr. Ziernicki's opinions

regarding design defects and causation should be excluded because they are not supported by sufficient indicia of reliability.

Next, Plaintiff claims that the Magistrate Judge "overstep[ped] the gatekeeping bounds afforded by *Daubert*, conducting her own expert analysis." Doc. #74 at 12. While Magistrate Judge Ho did point to certain evidence that appeared to contradict the opinions of Dr. Ziernicki, her determination that Dr. Ziernicki's opinions were unreliable was based on the fact that his conclusions were too non-specific and unsupported by sufficient data. *See* Doc. #70 at 21 (noting that Dr. Ziernicki failed to "identify data supporting his opinion that a rear-drive handle would have changed the outcome in *this* accident" because he "made no calculations and took no measurements" and "had not reviewed any impact-testing data, nor was he aware if such testing had been done by another manufacturer"). Plaintiff's objection is therefore overruled.

Plaintiff also argues that the Magistrate Judge improperly granted summary judgment because she failed to consider certain evidence regarding the foreseeability element of proximate cause. Doc. #74 at 14–15. But Plaintiff points to no evidence regarding the cause-in-fact element of proximate cause. *See Meador v. Apple, Inc.*, 911 F.3d 260, 264 (5th Cir. 2018) (noting that proximate cause consists of cause-in-fact *and* foreseeability). Furthermore, the Court agrees with Magistrate Judge Ho's finding that, because Dr. Ziernicki's opinions are excluded, Plaintiff has no evidence that failure to install a rear-drive handle proximately caused his injuries. In addition, "[t]o the extent [Plaintiff's] objections refer to new evidence and arguments not previously submitted to [the Magistrate Judge], they are not properly before the court." *Gentry v. Hamilton-Ryker IT Sols., LLC*, No. 3:19-CV-00320, 2022 WL 889276, at *1 (S.D. Tex. Mar. 25, 2022) (citation omitted). Thus, the new evidence Plaintiff cites to support his claims will not be considered by the Court.

In conclusion, the Court finds that Defendant's Motion to Exclude the Expert Opinions of Dr. Richard Ziernicki is hereby GRANTED. Doc. #41. It is further ORDERED that Defendant's Motion for Summary Judgment is GRANTED. Doc. #42.

It is so ORDERED.

_____MAR 1 3 2024_____
Date

_____
The Honorable Alfred H. Bennett
United States District Judge